UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23142-BLOOM/Otazo-Reyes

NISHON LATIA LAWTON

    Plaintiff,

v.

CAMILLUS HOUSE INC., and
BOARD OF TRUSTEES OF THE INTERNAL
IMPROVEMENT TR FUND STATE OF FL,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On August 17, 2023, Plaintiff Nishon Latia Lawton ("Plaintiff") filed a Complaint, ECF No. [1], and an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed *in Forma Pauperis*"), ECF No. [3]. Plaintiff, a *pro se* litigant, has not paid the required filing fee, and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiff has filed a Complaint asserting a claim under the Civil Rights Act, 42. U.S.C. §1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff alleges that "plaintiffs Nishon Latia Lawton and Douglas E. Warren applied for in two seperate [sic] applications, Rapid Re-Housing administered by CAMILLUS HOUSE INC." ECF No. [1] at 2. The Complaint continues with allegations that after in-person visits, unanswered emails and phone calls plaintiffs exhausted remedies. Plaintiff further alleges that Camillus House, Inc. "was intrusted [sic] with plaintiff's private information in the form of social security cards, social security numbers applied to application, birth certificates, expired state and county identification all given in original form in which CAMILLUS HOUSE INC employees demanded copies as a precondition to services being rendered." *Id*. Those allegations do not state a viable claim for relief under 42. U.S.C. §1983 because they do not allege that Plaintiff was deprived of a Constitutional or federal right by Defendant and do not allege that Defendant acted under color of state law.

Case No. 23-cv-23142-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This Case is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion to Proceed *in forma Pauperis*, **ECF No. [3]**, is **DENIED as moot**.

3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Nishon Latia Lawton
525 Market Street
Camden, NJ 08102
PRO SE